# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:11cv133

| | | |
|---|---|---|
| **THOMAS E. GUST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | ***ROSEBORO*** |
| **v.** | ) | **ORDER** |
| | ) | |
| **US AIRWAYS and US AIRWAYS** | ) | |
| **PAYROLL/GARNISHMENTS** | ) | |
| **SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Pending before the Court is the Motion to Dismiss [# 2] filed by Defendant US Airways, Inc. Plaintiff is proceeding *pro se* and will be advised of his obligation to respond and the time for doing so.

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Plaintiff, who is proceeding *pro se*, is cautioned that Defendant has filed a Motion to Dismiss contending that the Complaint fails to state claim against Defendant. Specifically, Defendant contends that 26 U.S.C. § 6332(e) provides immunity from liability to a taxpayer for an employer who garnishes wages pursuant to a notice from the Internal Revenue Services.

Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, Plaintiff must show that he has made sufficient allegations to support a cause of action against such defendant that is

recognized by law. In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Court held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." <u>Id.</u>, at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

<u>Id.</u> (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." <u>Id.</u>, at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." <u>Id.</u>, at 570 (emphasis added). The Court again visited the Rule 12(b)(6) pleading standard in <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In <u>Ashcroft</u>, the Court held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Id.</u>, S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" <u>Id.</u> (citing <u>Twombly</u>, <u>supra</u>; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

<u>Id.</u> This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> Thus, a complaint falls short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's

liability . . . ." Id.  While the court accepts plausible factual allegations made in the Complaint as true and considers those facts in the light most favorable to  plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

Finally, Plaintiff is advised that the method for responding requires his filing a written "response" to Defendant's motion within the time allowed by this Order.  A copy of such response must be sent to counsel for all other parties, and Plaintiff must certify that he has made such service in a "certificate of service" indicating the manner in which such service was made.  Although Plaintiff filed a response to the motion on June 24, 2011, the Court will allow Plaintiff an opportunity to supplement his response, consistent with this Order, by July 8, 2011.  Defendant may file its reply by July 15, 2011.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff file his written response to Defendant's Motions to Dismiss [# 2] not later than July 8, 2011.

Signed: June 27, 2011

Dennis L. Howell
United States Magistrate Judge