IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv133

| | |
|---|---|
| THOMAS E. GUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| US AIRWAYS and US AIRWAYS ) | |
| Payroll/Garnishments Services, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 6].

## PROCEDURAL HISTORY

On April 29, 2011, the Plaintiff Thomas Gust (Gust), appearing pro se, initiated this action in state court alleging that the Defendants illegally garnished his wages. [Doc. 1-2]. Of particular import here, Gust alleged in the Complaint that he is a resident and citizen of North Carolina, that the Defendant US Airways is a Delaware corporation and the Defendant US Airways Payroll/Garnishments Services is an "office" thereof. [Id., at 1]. Gust

1

also alleged that US Airways has its principal place of business in Tempe, Arizona while US Airways Payroll/Garnishments Services is located in Phoenix, Arizona. [Id., at 1]. For damages, Gust alleges the right to recover $8,262.40 levied against him, $39,000.00 in lost earnings, $7,700.00 in lost savings, at least $60,000.00 in future lost earnings and $200,000.00 in punitive damages. [Id., at 5-6].

On June 2, 2011, the Defendants removed the case from state court alleging both federal question[1] and diversity jurisdiction. [Doc. 1]. The Defendants stated in the Notice of Removal that it was filed in accordance with 28 U.S.C. §1446(b) within thirty days of service. [Id.]. Gust did not dispute this statement[2] but moved to remand the case back to state court, claiming that there is no federal question jurisdiction. [Doc. 6].

## DISCUSSION

In the Motion to Remand, Gust makes the following statements:

Plaintiff's action does *not* arise [under federal question jurisdiction]. ... And, while "diversity of citizenship" does exist and "the amount in controversy" does "exceed $75,000" (28 U.S.C. §1332), as Plaintiff clearly stated in his Verified Complaint (¶5),

---

[1] In the Complaint, Gust has made numerous references to 26 U.S.C. §6334, the provision of the Internal Revenue Code which relates to property which is exempt from levy for the collection of taxes.

[2] "The timeliness of Defendants' Notice of removal is not disputed[.]" [Doc. 6, at 4].

> North Carolina General Statutes ("G.S.") §1-75.4 gives the North Carolina courts *in personam* jurisdiction over the Defendants in this case.
>
> ...
>
> While 28 U.S.C. §1332 (Diversity of Citizenship) would apply if Plaintiff had brought the above-captioned action in this Court, 28 U.S.C. §1331 does not apply as Plaintiff's Verified Complaint does not raise a "federal question."

[Doc. 6, at 1-2, 4].

Gust has thus conceded that diversity jurisdiction exists but assumes that because he brought the case initially in state court, it may not be removed based on diversity. He claims that since there is no federal *question* jurisdiction that removal is improper. The Defendants point out that, even if federal question jurisdiction is absent, Gust has conceded the points giving rise to diversity jurisdiction. The Defendants are correct.

Section 1441(a) of Title 28 provides that any civil action originally brought in a state court "of which the district courts of the United States have original jurisdiction, may be removed by the ... defendants" to the appropriate United States District Court. United States District Courts have "original jurisdiction" over civil actions between citizens of different states in which the amount in controversy exceeds $75,000.00. 28 U.S.C. §1332(a)(1). Since Gust admits that original jurisdiction exists; i.e., that the parties are diverse

3

and the amount in controversy exceeds $75,000.00, this action was properly removed.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 6] is hereby **DENIED**.

Signed: August 30, 2011

Martin Reidinger
United States District Judge