# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv133

| | |
|---|---|
| THOMAS E. GUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| US AIRWAYS and US AIRWAYS ) | |
| PAYROLL/GARNISHMENTS SERVICES, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendant US Airways, Inc.'s Motion to Dismiss [Doc. 2].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motion and to submit recommendations for its disposition. On September 6, 2011, the Magistrate Judge filed a Memorandum and Recommendation in which he recommended granting the motion to dismiss. [Doc. 12]. The Plaintiff timely filed objections to that recommendation. [Doc. 13].

## PROCEDURAL HISTORY

On April 29, 2011, the Plaintiff, proceeding *pro se*, initiated an action against the Defendants in state court. [Doc. 1-2]. In the Complaint, which is not artfully pled, the Plaintiff claims that the Defendants unlawfully complied with a tax levy and garnished the Plaintiff's wages in order to so comply. The Defendants, he claims, should have known that his wages were exempt from garnishment and that the Notice of Levy they received from the Internal Revenue Service (IRS) was invalid. [Id.]. The Defendants timely removed the action to this Court on June 2, 2011 on the basis of both federal question and diversity jurisdiction. [Doc. 1].

The Defendants then moved to dismiss this action for failure to state claims on which relief may be granted. [Doc. 2]. On June 27, 2011, the Plaintiff was instructed by Notice of the burden he carried in responding to the motion and was provided ample time within which to do so. [Doc. 7]. In the meantime, the Plaintiff moved to remand the case, a motion denied on August 30, 2011. [Doc. 6; Doc. 11].

As noted, the Plaintiff has timely objected to the Magistrate Judge's recommendation that the Motion to Dismiss be granted and the case dismissed.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain *de novo* review of her entire

case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

**DISCUSSION**

The Magistrate Judge first recommended the dismissal of US Airways Payroll/Garnishment Services as a defendant. [Doc. 12 at 4]. The Plaintiff filed no objection to that recommendation and the Court having reviewed the same, finds it is correct. The claims against US Airways Payroll/Garnishment Services will, therefore, be dismissed.

The Magistrate Judge next noted that 26 U.S.C. §6332(e) provides that any employer which complies with a Notice of Levy issued by the IRS by garnishing wages is immune from liability to the employee for its conduct in complying with that levy. [Id. at 5]. The Plaintiff concedes that this is, in fact, the law and states that he expected the motion "as sure as the sun comes up in the morning." [Doc. 13 at 1]. His claim, he argues, is based on the negligence of US Airways because it complied with an invalid tax levy issued by the IRS and garnished exempt wages. [Id.]. "While it may be true that the

4

claimed levy would have taken effect even if Defendant(s) had done everything right, that is irrelevant because the levy itself is not the core issue[.]" [Id. at 5]. According to the Plaintiff's argument, then, an employer has an obligation to test the validity of a tax levy it receives from the IRS as well as to challenge the status of the wages being garnished.

26 U.S.C. §6332 provides in pertinent part:

[A]ny person in possession of ... property ... subject to levy upon which a levy has been made shall, upon demand of the [IRS] surrender such property[.]
...
Any person in possession of ... property ... subject to levy upon which a levy has been made who, upon demand by the [IRS] surrenders such property ... to the [IRS] ... shall be discharged from any obligation or liability to the delinquent taxpayer ... with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. §6332(a) & (e).

Under this statute, any entity in possession of property subject to the IRS levy which refuses to honor it is subject to being held personally liable to the IRS. 26 U.S.C. §6332(d)(1). Moreover, "the validity of the levy and competing claims to the ownership of the funds are not valid reasons for refusing to honor a levy." United States v. Moskowitz, Passman & Edelman, 603 F.3d 162, 166 (2nd Cir. 2010) (quoting United States v. Daccarett, 6 F.3d 37, 59 (2nd Cir. 1993), cert. denied *sub nom* Creaciones Viviana Ltda. v. United States, 510 U.S. 1191, 114 S.Ct. 1294, 127 L.Ed.2d 648 (1994)).

5

Indeed, the Plaintiff has acknowledged in the Complaint that his relief lies in bringing an action against the IRS for wrongful levy, an action which he claims to have brought in the District of Columbia. [Doc. 1-2 at 1]. See Daccarett, 6 F.3d at 59 ("Since the validity of the levy and competing claims to the ownership of the funds are not valid reasons for refusing to honor a levy," the taxpayer's only relief lay in an action for wrongful levy against the IRS.).

The Plaintiff's Complaint is based on an allegation that US Airways, as an employer bound to comply with the levy, was negligent because it failed to ensure the levy was valid and paid exempt funds to the IRS. The Plaintiff's "broad allegation that [US Airways] was negligent in executing the lev[y] does not change" its entitlement to immunity. Clavizzao v. United States, 706 F.Supp.2d 342, 349-50 (S.D.N.Y. 2009). US Airways had no duty to ensure that the Plaintiff had received process or even that the levy was valid. Id. "Once the IRS served a Notice of Levy on [US Airways], [it] had a legal obligation under §6332(a) to turn over to the IRS [the wages]; [it] could not challenge the validity of the levy." Moore v. General Motors Pension Plans, 91 F.3d 848, 951 (7th Cir. 1996). The fact that the Plaintiff may challenge the validity of the levy in no manner altered the Defendant's obligation to comply with it. Id. Indeed, US Airways had no standing to legally challenge its validity and thus, it "cannot be held liable for having failed to do what it could not

6

legally do." Id.

The Plaintiff's conclusory allegations of negligence, moreover, are insufficient to state claims. Clavizzao, 706 F.Supp.2d at 350. "Section 6332(e) has been 'consistently interpreted to be valid' and 'unambiguously ... protect[s] parties who comply with an IRS notice of levy from facing liability.'" Id. (quoting Dietz v. Trustco Bank, 572 F.Supp.2d 296, 298 (N.D.N.Y. 2008)); McNeil v. Whipple, 720 F.Supp.2d 73, 76 (D.D.C. 2010). The "statute is not limited to levies which survive challenges to their validity." Moore, 91 F.3d at 851; Rice v. Norfolk Southern R.R., 2001 WL 965502 (W.D.N.C. 2001). "This broad grant of immunity applies not only to federal law claims, but also preempts any state law claims," such as the negligence claim the Plaintiff attempts to state here. Brunwasser v. Black, 2011 WL 284126 **3 (W.D.Pa. 2011).

To the extent that the Plaintiff claims the Defendant failed to honor his wages as exempt, he fares no better. "[C]ourts have held 'that an employer cannot be made liable for failing to honor an employee's W-4 form when it has been directed to do so [to so ignore] by the Internal Revenue Service.'" Purk v. United States, 747 F.Supp. 1243, 1250 (S.D.Oh. 1989) (quoting Benz v. United Parcel Service, 815 F.2d 75 (6th Cir. 1987)); Bellospirito v. Byrne, 2009 WL 302989 (C.D.Cal. 2009). For the same reasons that an employer must

7

honor an IRS tax levy, it must also comply with an IRS demand for the garnishment of wages despite the taxpayer's designation of those wages as exempt.

The Court therefore finds that US Airways is immune from liability in connection with its conduct in honoring the IRS levy and garnishing the Plaintiff's wages.[1]

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation are hereby **REJECTED**.

**IT IS FURTHER ORDERED** that the Defendant US Airways, Inc.'s Motion to Dismiss [Doc. 2] is hereby **GRANTED** and this action is hereby **DISMISSED** with prejudice.

Signed: December 16, 2011

Martin Reidinger
United States District Judge

---

[1] The Court has reviewed the case of United States v. Triangle Oil, 277 F.3d 1251 (10th Cir.2002), cited by the Plaintiff in support of his position. The case is factually inapposite, involving the pre-levy claims of two parties to a joint venture against each other. Indeed, the Court applied the immunity of §6332(e) to protect the entity which complied with the IRS tax levy. Id. at 1259. It went on to note that such immunity had nothing to do with state law claims between the parties to the venture for conduct which occurred prior to the actual surrender of the proceeds levied by the IRS. Id. Such is not the case at hand.